UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS SWANIGAN,

    Petitioner,

v.

Civil Action 4:12-CV-11858
HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT

STEVE RIVARD,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Marcus Swanigan, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Mr. Swanigan challenges his conviction for first-degree premeditated murder, M.C.L.A. 750.316(1)(a); felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**II. BACKGROUND**

Mr. Swanigan was convicted of the above charges following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

1

> Defendant was charged in connection with the shooting death of Shannon Kenney on May 6, 2006. A majority of the witnesses identified defendant as a passenger in a green Cougar being operated by a man known to most of the witnesses as "E" or Eric. Several witnesses further testified that defendant fired an AK-47 assault rifle towards an alley down which the victim was seen running shortly after the Cougar turned onto the block. In a written statement given after his arrest, defendant admitted being in the vehicle and shooting an AK-47 in the neighborhood; he claimed that he did not know who he was shooting at, and that the shooting was done in self-defense because their car had been shot at and he was in fear for his life.

*People v. Swanigan,* No. 273671, * 1 (Mich.Ct.App. December 27, 2007).

Mr. Swanigan's conviction was affirmed on appeal. *Id., lv. den.* 481 Mich. 877, 748 N.W.2d 825 (2008); *reconsideration den.* 482 Mich. 899, 753 N.W.2d 194 (2008).

Mr. Swanigan then filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Swanigan,* No. 06-006398-01 (Wayne County Circuit Court, November 16, 2009). The Michigan appellate courts denied Mr. Swanigan leave to appeal. *People v. Swanigan,* No. 296735 (Mich.Ct.App. December 17, 2010); *lv. den.* 489 Mich. 990, 800 N.W.2d 81 (2011).

Mr. Swanigan seeks a writ of habeas corpus on the following grounds:

I. TRIAL COURT'S "STATE OF MIND" INSTRUCTION DENIED PETITIONER HIS CONSTITUTIONALLY GUARANTEED RIGHT OF DUE PROCESS.

II. THE TRIAL COURT'S ERRONEOUS INSTRUCTION TO PETITIONER'S JURY REGARDING AIDING AND ABETTING CONSTITUTED REVERSIBLE ERROR.

III. PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE COURSE OF HIS JURY TRIAL.

IV. APPELLATE COUNSEL DEPRIVED PETITIONER OF HIS DIRECT APPEAL.

V. TRIAL COURT DENIED PETITIONER DUE PROCESS WHEN IT MADE

COMMENTS TO PETITIONER'S JURY [WHILE READING THE AIDING AND ABETTING INSTRUCTION].

### III. **STANDARD OF REVIEW**

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that: "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal

3

system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 776, 773 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in

4

the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

## IV. ANALYSIS

**A. Claims # 1, # 2, and # 5. The jury instruction claims.**

The Court will discuss Mr. Swanigan's first, second, and fifth claims together because they all allege errors with the jury instructions.[1]

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete

---

[1] Respondent contends that Mr. Swanigan's jury instruction claims are procedurally defaulted because petitioner failed to object to the jury instructions at trial and the Michigan Court of Appeals relied on the failure to object to deny Mr. Swanigan relief on these claims. Mr. Swanigan claims that his trial counsel was ineffective for failing to object to at least one of the allegedly defective jury instructions. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbe*, 431 U.S. 145, 154-55 (1977). The challenged instruction must not be judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United States*, 527 U.S. 373, 391 (1999). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191. Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

In his first claim, Mr. Swanigan claims that the trial court's "state of mind" instruction denied him due process by shifting the burden of proof to petitioner and by interfering with the jury's proper determination of the facts and issues to be decided. Mr. Swanigan takes issue with the trial judge's instruction to the jurors that they could infer an intent to kill by the use of a deadly weapon.

> The Michigan Court of Appeals rejected Mr. Swanigan's claim:
>
> The instruction did not direct the jury that defendant was presumed to have possessed the intent to kill or that it must infer such intent from the fact that defendant used a dangerous weapon. Rather, consistent with CJI2d 16.21, the instruction merely informed the jury that it "may" infer that defendant acted with an intent to kill from his use of a deadly weapon. The instruction was consistent with the law in this state. *People v. Dumas*, 454 Mich. 390, 403; 563 NW2d 31 (1997); *People v. Fields*, 450 Mich. 94, 113; 538 NW2d 356 (1995).
>
> Further, the challenged instruction did not shift the burden of proof to defendant. Indeed, the trial court instructed the jury several times that the burden of proof with regard to both the principal charges and defendant's

claim of self-defense was with the prosecution. Because the instruction was consistent with the law, defendant has failed to show plain error affecting his substantial rights. *People v. Carines*, 460 Mich. 750, 765; 597 NW2d 130 (1999).

*Swanigan,* Slip. Op. at * 2.

The United States Court of Appeals for the Sixth Circuit has explained that,

[t]he Due Process Clause of the Fourteenth Amendment requires a state to prove beyond a reasonable doubt every fact necessary to constitute the offense charged. *See In re Winship*, 397 U.S. 358, 364 (1970). A trial court may not give a jury charge which shifts to the defendant the burden of proving a critical fact in dispute, *see Mullaney v. Wilbur*, 421 U.S. 684, 701 (1975), nor may a court instruct a jury that proof of the existence of certain facts automatically establishes the element of intent where intent is an element of the charged offense. *Sandstrom v. Montana*, 442 U.S. 510, 523-24 (1979).

*Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993).

The disputed jury instruction in this case reads:

You may infer, however, that a person intends to kill by the use of a deadly weapon -- a dangerous weapon.

Guns and knives are, by their nature, dangerous weapons. And you may infer an intent to kill by the use of a dangerous weapon.

And in this case, it is alleged that the weapon was an AK-47, an assault rifle.

You may infer an intent to kill by the use of a deadly weapon.

You also may look to the number of shots fired to help you to decide does a person intend to kill. Look at the number of shots fired, if any.

(Tr. 9/20/06, p. 68).

The jury instruction in this case did not impermissibly shift the burden of proof to Mr. Swanigan and thus did not violate the Due Process Clause. The language "you may infer" is unambiguously permissive language, and permissive inferences, as opposed to

7

mandatory inferences, are not unconstitutional. *See Coe v. Bell*, 161 F.3d 320, 331-32 (6th Cir. 1998). "A permissive presumption places no burden on the defendant but permits the jury to 'infer the elemental fact from proof by the prosecutor of the basic one.'" *Miskel v. Karnes*, 397 F.3d 446, 455-56 (6th Cir. 2005) (quoting *County Court of Ulster v. Allen*, 442 U.S. 140, 157 (1979)). The instruction here did not require the jury to presume that Mr. Swanigan intended to kill the victim or that the jury must infer an intent to kill merely because Mr. Swanigan possessed a firearm. Thus, the instruction did not shift the burden of proof to Mr. Swanigan or violate his due process rights.

Moreover, the judge instructed the jurors that the prosecutor had the burden of proving each element of the crimes, including intent, beyond a reasonable doubt. The judge also instructed the jurors that Mr. Swanigan was presumed innocent and was not required to prove his innocence. (Tr. 9/20/06, pp. 59-62). The instructions as a whole did not shift the burden of proof to Mr. Swanigan, did not require the jury to presume an intent to kill on his part, and did not invade the province of the jury. Mr. Swanigan is not entitled to habeas relief on his first claim.

In his second and fifth claims, Mr. Swanigan claims that the judge gave an improper instruction on the concept of aiding and abetting. Mr. Swanigan challenges the following instruction as being erroneous:

> Now mere presence is not enough to convict a person as an aider and abetter. An aider and abetter must do an act which encourages, assists, or aids and abets another party in the commission of an offense.
>
> So in this case, it's been alleged that there were two parties. If one party assisted the other, and you look to the evidence to make that determination.
>
> If one person assisted the other person, did any act which encouraged,

> assists, or aided and abetted the other party, it would not make any difference who did something, or if both did something, they're both as guilty, one as the other.
>
> In other words, it doesn't matter how slight or how little contribution is made, as long as there's some act which encourages, assists, or aids and abets. If you're in for a penny, you're in for a pound.
>
> So you look to the evidence. Whether the Defendant in this case was aided and abetted by another party, or whether the other party aided and abetted the Defendant. Under the law of aiding and abetting, both parties would be equally guilty of the offense.
>
> Now, if a person aids and abets another party to commit an offense, and that person has the specific intent that the victim is to be killed, or he aids and abets another person, knowing that the aider and abetter had the specific intent to kill the victim.
>
> So the intent could either be the aider and abetter, knowing that the other person intended to kill, or he himself intended to kill the victim.
>
> You look to the evidence to make that decision.
>
> But whoever fired, whoever actually inflicted a fatal wound, wouldn't make any difference under the law, if both parties intended to kill, and they aided, abetted and assisted each other.

(Tr. 9/20/06, pp. 74-76).

Mr. Swanigan claims that the instruction was erroneous because it instructed the jury that a defendant's actions would amount to aiding and abetting "no matter how slight or how little contribution is made." Mr. Swanigan also objects to the court's explanation that: "If you're in for a penny, you're in for a pound."

The Michigan Court of Appeals rejected Mr. Swanigan's claim, finding that the jury instructions in their entirety adequately instructed the jurors on the intent element required to convict a defendant of aiding and abetting. *Swanigan,* Slip. Op. at * 2.

To support a finding under Michigan law that a defendant aided and abetted in the

9

commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Riley v. Berghuis,* 481 F. 3d 315, 322 (6th Cir. 2007)(citing *People v. Carines*, 460 Mich. 750, 757-58; 597 N.W. 2d 130 (1999)).

The Michigan Court of Appeals determined that the trial court's aiding and abetting instruction was an accurate statement of Michigan law. Where a state appeals court finds that the instruction given by the trial court accurately reflected state law, this Court must defer to that determination and cannot question it. *Seymour v. Walker*, 224 F. 3d 542, 558 (6th Cir. 2000). Because the Michigan Court of Appeals determined that the jury instruction accurately reflected the elements of aiding and abetting, Mr. Swanigan is not entitled to habeas relief on this claim. *Williams v. Withrow,* 328 F. Supp. 2d 735, 752-53 (E.D. Mich. 2004). Mr. Swanigan is not entitled to habeas relief on his first, second, and fifth claims.

**B. Claims # 3 and # 4. The ineffective assistance of counsel claims.**

In his third and fourth claims, Mr. Swanigan alleges that he was deprived the effective assistance of trial and appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth

10

Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.

Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington v. Richter*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*,558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473

(2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "a state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

> Because of this doubly deferential standard, the Supreme Court has indicated that:
>
> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S. Ct. at 788.

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster,* 131 S. Ct. 1388, 1407 (2011).

Finally, this Court is aware that "[R]eliance on 'the harsh light of hindsight' to cast

12

doubt on a trial that took place" almost seven years ago and a direct appeal that took place over five years ago "is precisely what *Strickland* and AEDPA seek to prevent." *Harrington v. Richter*, 131 S. Ct. at 789.

In his third claim, Mr. Swanigan claims that he was denied the effective assistance of trial counsel.

Mr. Swanigan first alleges that his trial counsel was ineffective for failing to request the ballistics results from the .38 revolver that was recovered from the crime scene. Mr. Swanigan, however, has failed to offer any argument as to how the ballistics results would have been helpful to his case. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Mr. Swanigan merely speculates that there would have been favorable ballistics evidence to support his defense. The mere possibility that the results of a ballistics test would have lead to petitioner's acquittal is insufficient to show prejudice, for purposes of establishing an ineffective assistance of counsel claim. *See e.g. Williams v. Carter,* 85 F. Supp. 2d 837, 840 (N.D. Ill. 1999).

Mr. Swanigan next contends that trial counsel was ineffective for failing to call Officer Michael Choukourian to testify on his behalf. Officer Choukourian indicated in a police report that he observed gunshot damage to the rear quarter panel of the vehicle in which Mr. Swanigan had been a passenger. Mr. Swanigan argues that Officer Choukourian's testimony would have bolstered his self-defense claim.

A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F. 3d 520, 527 (6th Cir.

13

2004)(internal quotation omitted). Although Mr. Swanigan claims that Officer Choukouorian would have bolstered his self-defense claim, the officer could only have testified that he observed gunshot damage to the car that petitioner had been driving in. Officer Choukourian did not actually witness the gunfight, so he could not testify as to who fired the first shots or who was the initial aggressor. A defendant is not denied the effective assistance of counsel by an attorney's failure to present the testimony of a witness who was not present at the scene of a crime. *See Morgan v. Bunnell*, 24 F. 3d 49, 53 (9th Cir. 1994). Because Officer Choukourian was was not present when the confrontation took place between Mr. Swanigan and the victim, he could not have exonerated petitioner of the crime, thus counsel, was not ineffective in failing to call him as a witness to support Mr. Swanigan's self-defense claim. *See e.g. Pillette v. Berghuis,* 408 Fed. Appx. 873, 885-86 (6th Cir. 2010). Stated differently, counsel was not ineffective in failing to call Officer Choukourian, because he could have offered only marginal support for Mr. Swanigan's self-defense claim. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 607 (E.D. Mich. 2001).

    Mr. Swanigan next claims that trial counsel was ineffective for failing to call additional witnesses on his behalf. Petitioner failed to attach any affidavits from these witnesses to his state post-conviction motion or his state post-conviction appeal brief nor has he provided this Court with any affidavit from these witnesses concerning their proposed testimony and willingness to testify on Mr. Swanigan's behalf. Petitioner has not offered to the Michigan courts, nor to this Court any evidence beyond his own assertions as to whether these witnesses would have been able to testify and what the content of

these witnesses' testimony would have been. In the absence of such proof, Mr. Swanigan is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

Mr. Swanigan next claims that trial counsel was ineffective for failing to challenge the voluntariness of his statement to the police in a pre-trial motion, choosing instead to challenge the voluntariness of the statement at trial by cross-examining the detective who took the statement.

Mr. Swanigan is not entitled to habeas relief on this claim for several reasons.

First, as respondent indicates in her answer, Mr. Swanigan has failed to offer any arguments as to how his statement to the police was involuntary or why it should have been suppressed. Because Mr. Swanigan has failed to identify a legal basis for the suppression of his statement, counsel was not ineffective in failing to move for its suppression prior to trial. *See e.g. Brown v. Mckee,* 231 Fed. Appx. 469, 475 (6th Cir. 2007). Secondly, counsel's decision to challenge the voluntariness of the statement mid-trial rather than in a pre-trial motion is a reasonable strategy that defeats Mr. Swanigan's claim. *See e.g. Garcia-Dorantes v. Warren,* 769 F. Supp. 2d 1092, 1106 (E.D. Mich. 2011). Finally, counsel may have decided not to seek the suppression of Mr. Swanigan's statement to the police, because the statement supported Mr. Swanigan's self-defense claim. A trial counsel is not ineffective for failing to move for the suppression of a criminal defendant's statement to the police if it is helpful to the defense. *See e.g. Crawley v. Curtis,* 151 F. Supp. 2d 878, 884-85 (E.D. Mich. 2001).

Mr. Swanigan lastly contends that trial counsel was ineffective for failing to object to the trial judge's erroneous jury instructions. This Court has already determined that the jury instructions as given were not erroneous nor did they deprive petitioner of a fair trial. Trial counsel is not ineffective for failing to object to jury instructions that are correct. *See Campbell v. Coyle,* 260 F. 3d 531, 557 (6th Cir. 2001). Mr. Swanigan is not entitled to habeas relief on his third claim.

In his fourth claim, Mr. Swanigan alleges the ineffective assistance of appellate counsel.

Mr. Swanigan first claims that appellate counsel was ineffective for failing to assist petitioner in preparing a *pro se* Standard 4 supplemental brief on his behalf to raise additional claims that Mr. Swanigan wished to have raised on appeal.

A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000). This is because the rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself. However, the Sixth Amendment does not include any right to appeal. *Id.* at 160. The Supreme Court also rejected the idea that the right to self-representation on appeal could be grounded in the Due Process Clause [of the Fourteenth Amendment], because "[U]nder the practices that prevail in the Nation today, however, we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self- representation is a necessary component of a fair appellate proceeding." *Martinez,* 528 U.S. at 161. There is no

16

constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel. *See McMeans v. Brigano,* 228 F. 3d 674, 684 (6th Cir. 2000). By accepting the assistance of counsel, the criminal appellant waives his right to present *pro se* briefs on direct appeal. *Myers v. Johnson*, 76 F. 3d 1330, 1335 (5th Cir. 1996); *See also Henderson v. Collins,* 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999); *aff'd in part, vacated in part on other grds* 262 F. 3d 615 (6th Cir. 2001)(defendant who was represented by counsel and also sought to submit *pro se* brief upon appeal did not have right to such hybrid representation). Thus, any failure by appellate counsel to submit any *pro se* brief on behalf of Mr. Swanigan does not present a constitutional question.

Finally, to the extent that Mr. Swanigan claims that appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claims on his appeal of right, he would not be entitled to relief. The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). This Court has already determined that petitioner's third claim is without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because none of the ineffective assistance of trial counsel claims can be shown to be meritorious, appellate counsel was not ineffective in failing to raise these claims on Mr. Swanigan's

direct appeal.

## V. CONCLUSION

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Mr. Swanigan a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny Mr. Swanigan leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## VI. ORDER

18

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED.**

                                                      /s/Gershwin A Drain
                                                      **HON. GERSHWIN A. DRAIN**
**Dated:** August 29, 2013                        UNITED STATES DISTRICT JUDGE